**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **EVANGELINA GAMBOA,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **NO.  EP-12-CV-00364-RFC** |
| | § | **(by consent)** |
| **CAROLYN W. COLVIN,[1]** | § | |
| **Acting Commissioner of Social Security** | § | |
| **Administration,** | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision. Plaintiff appeals

from the decision of the Commissioner of the Social Security Administration (Commissioner or

Defendant) denying her application for disability insurance benefits under Title II of the Social

Security Act.   Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to

trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for

trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the

Local Court Rules for the Western District of Texas.  For the reasons set forth below, this Court

orders that the Commissioner's decision be AFFIRMED.

**PROCEDURAL HISTORY**

On July 29, 2009, Plaintiff filed an application for disability insurance benefits, alleging a

disability onset date of March 13, 2009. (R:91-95) Her application was denied initially and on

reconsideration.  (R:44, 51)  Plaintiff filed a request for a hearing, which was conducted on

November 1, 2010. (R:22-41) The Administrative Law Judge ("ALJ") issued a decision on May 18,

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on
February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), she is substituted as the defendant in this suit. No
further action need be taken to continue this suit by reason of the last sentence of §205(g) of the Social
Security Act, 42 U.S.C. § 405(g).

2011, denying benefits.  (R:10-18)  The Appeals Council denied review on July 18, 2012. (R:1-6)

Plaintiff initiated this proceeding on September 12, 2012.  (Doc. 1) The parties have filed briefs

outlining their positions.  (Docs. 17, 18)

## ISSUE

Plaintiff's sole issue for appeal is whether the ALJ erred by failing to properly evaluate

Plaintiff's mental impairments.  (Doc. 17:2)  She argues that the absence of a Psychiatric Review

Technique Form (PRTF) violates the regulations, requiring remand, and that the record warrants an

award of benefits. (*Id*., at 3-6)  Defendant responds that the ALJ used the proper legal standards, and

that substantial evidence supports the ALJ's findings and conclusions.  (Doc. 18)

## DISCUSSION

### I.    *Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision

is supported by substantial evidence, and whether the Commissioner applied the proper legal

standards in evaluating the evidence.  *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267,

272 (5th Cir. 2002). Substantial evidence "is more than a mere scintilla, and less than a

preponderance." *Id.* The Commissioner's findings will be upheld if supported by substantial

evidence.  *Id*. A finding of no substantial evidence will be made only where there is a conspicuous

absence of credible choices or no contrary medical evidence.  *Abshire v. Bowen*, 848 F.2d 638, 640

(5th Cir. 1988).

In applying the substantial evidence standard, the court may not re-weigh the evidence, try

the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the

evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272.  Conflicts in the

2

evidence are for the Commissioner and not the courts to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## II.    *Evaluation Process*

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

Before moving to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is the most an individual can still do despite her limitations. 20 C.F.R. § 404.1545; SSR 96-8p. In making this determination, the ALJ must consider all the record evidence, *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995), and consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).

## III.   *The ALJ's decision*

At step two, the ALJ found Plaintiff's alleged mental impairment of depression and anxiety to be non-severe under the standard set forth in *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir.

1985).[2]  (R:12)  In doing so, the ALJ summarized Plaintiff's psychological evaluation performed by Peter Fernandez, Ph.D., on February 23, 2011.  (R:13) At the exam, Plaintiff reported a six to seven year history of insomnia, getting 3-4 hours of sleep per night with medication.  (*Id*.) She reported feeling sad the day of the evaluation, scared within the past three weeks, and worried about things for many years.  (*Id*.)  She reported low energy, irritability, a 15-pound weight loss in the past year, and reduced interest and social contacts.  (*Id*.)  She denied any history of mental health counseling or psychiatric treatment.  (*Id*.)

Upon examining Plaintiff, Dr. Fernandez found Plaintiff's interpersonal stance highly cooperative and informative; she seemed a person accustomed to presenting her best foot forward and receiving respect from others.  (R:13)  She obtained an IQ of 95 on Wechsler Adult Intelligence Scale— Third Edition.  (*Id*.)  The only limitations assessed by Dr. Fernandez were: mild limitations in the ability to interact appropriately with the public and supervisors, and mild to moderate limitations in the ability to interact appropriately with co-workers and in the ability to respond appropriately to usual work situations and to changes in a routine work setting.  (R:13)

The ALJ noted that at the hearing, Plaintiff did not mention that she had any significant problems getting along with others; she testified that she was depressed because it was hard to stay home after working for so many years.  (R: 13)  She had not received treatment for depression, but was supposed to go back to her doctor for treatment.  (*Id*.)  The record indicates that Plaintiff was not taking anti-depressants or any other medication to treat any mental health conditions.  (*Id*.)

---

[2]    An impairment is considered as "non-severe" if there is evidence of only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on the individual's ability to work even if his age, education, or work experience were specifically considered.  *Stone*, 752 F.2d at 1101.

In determining Plaintiff's RFC, the ALJ reiterated with respect to her non-severe mental impairment, that Plaintiff testified that she is depressed because it is hard to stay home after working for so many years and because she is unable to do the things she used to do.  (R:15)  She had not been treated for depression—she had to go back to the doctor for such treatment.  (*Id*.)  The ALJ again noted Dr. Fernandez's assessment and Plaintiff's testimony at the hearing, and added that in her Adult Function Report, Plaintiff had stated that she had no problem getting along with family, friends, neighbors, or authority figures, and no problem with memory, concentration, or attention.  (R:17, 128-129)  The ALJ did not assess any mental limitations in Plaintiff's RFC.  (*Id*.)

The ALJ found that Plaintiff had an RFC for the full range of medium work, that she was capable of performing her past relevant work as a service order writer, and that there are other jobs that she is also able to perform.  (R:14, 17)  The ALJ found that Plaintiff was not disabled.  (R:18)

### *IV.*   **The ALJ's Failure to Properly Analyze Plaintiff's Alleged Mental Impairment is Harmless and Substantial Evidence Supports the ALJ's decision**

Plaintiff contends the ALJ did not properly evaluate her allegation of mental impairment because the ALJ did not incorporate his answers from psychiatric review technique form (PRTF) into his decision.  Defendant argues, and the Court finds, that such error is harmless because the ALJ fully considered the evidence of Plaintiff's alleged mental impairment.

In evaluating the severity of mental impairments at step two, the regulations provide a special technique for rating the degree of functional limitation in each of four general functional areas: activities of daily living; social functioning; concentration, persistence, and pace; and episodes of decompensation. 20 C.F.R. § 416.920a(c)(3).  After rating the degree of limitation in each functional area—with respect to the first three as none, mild, moderate, marked, or extreme, and regarding the

episodes of decompensation as none, one or two, three, four or more—the Commissioner determines the severity of plaintiff's mental impairments. 20 C.F.R. § 404.1520a(c)(4),(d). When the first three functional areas are rated as "none" or "mild," and the fourth area is rated as "none," the ALJ will conclude at step two of the sequential evaluation process that Plaintiff's mental impairments are not severe "unless the evidence otherwise indicates that there is more than a minimal limitation in [claimant's] ability to do basic work activities." 20 C.F.R. § 404.1520a(d)(1). The PRTF also includes a section listing specific work functions pertaining to each functional area, which, if the mental impairment is found to be severe, the ALJ is to rank from none to extreme. 20 C.F.R. § 404.1520a(d)(2). The ALJ is required to document application of the special technique in the decision. 20 C.F.R. § 404.1520(e)(2).

In finding Plaintiff's alleged mental impairment to be a "non-severe impairment" the ALJ implicitly assumed that it was a medically determinable mental impairment. Thus, the ALJ should have applied the special technique and included his findings in his decision; he erred when he failed to do so. *See* 20 C.F.R. § 404.1520a. Violation of a regulation constitutes reversible error and requires remand, however, only when a reviewing court concludes that the error is not harmless. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003). An error is harmless where, absent the alleged error or omission, there is "no realistic possibility" that the ALJ would have reached a different result. *January v. Astrue*, 400 Fed. Appx. 929, 933 (5th Cir. 2010) (*per curiam*) (unpublished) "[P]rocedural perfection is not required unless it affects the substantial rights of a party." *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). In this instance, the ALJ's failure to incorporate the special technique in his decision was harmless, did not affect Plaintiff's substantial rights, and does not require remand.

6

In finding Plaintiff's mental impairment non-severe, the ALJ applied the Fifth Circuit's *Stone* standard. (R:12, citing *Stone*, 752 F.2d at 1101; Social Security Ruling (SSR) 93-3p)  The ALJ summarized the psychological evaluation report and Dr. Fernandez's assessment, which included mild to moderate limitations only with respect to interacting with coworkers and responding to work situations and changes in routine, which both fall under the social functioning area.[3]  (R:13)  The ALJ then identified evidence which generally indicates non-disability: Plaintiff's testimony that her depression was due to her staying home after working for so many years;[4] and that she had not received treatment for depression and was not taking any medications to treat any mental health conditions.[5]  Although the ALJ did not explicitly adopt Dr. Fernandez's assessment nor state that he found Plaintiff to have at most a mild degree of limitation in any of the three general areas of functioning, his pointing to this evidence communicates that he did not find that the evidence indicated that there was "more than a minimal limitation in [Plaintiff's] ability to do basic work functions."  20 C.F.R. § 404.1520a(d)(1).  Moreover, it suggests that Plaintiff had no colorable,

---

[3]    The ALJ did not mention Dr. Fernandez's GAF rating of 51, indicating a finding of moderate to serious impairment in social and vocational functioning. (R:12-18, 313-320); Amer. Psychiatric Assoc., *Diagnostic and Statistical Manual of Mental Disorders*, 32 (4th Ed. 1994) ("DSM-IV")  That assessment conflicts with the psychologist's own rating of mild to moderate limitation in all areas of functioning. (R:313-315)

[4]    *See Mayes v. Astrue*, No. 08-10306, 2008 WL 5069750, *3 (5th Cir. 2008) (unpublished) (*per curiam*) (depression as consequence of anxiety regarding joblessness and health, indicating condition is likely situational and not psychological); *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987) (reports of emotional distress and depression due to inability to work are insufficient to meet the burden of proving non-exertional mental impairment); *Fraga v. Bowen*, 810 F.2d 1296, 1305 (5th Cir. 1987) ("Mere sensitivity about loss of ability to perform certain chores, however, does not even approach the level of a mental or emotional impairment as defined by SSA regulations."); *McGehee v. Chater*, 83 F.3d 418, 1996 WL 197435 at *2 (5th Cir. 1996) (unpubl.) (Examples of situational depression are poor health, financial problems and marital discord).

[5]    *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (lack of treatment is an indication of non-disability).

non-frivolous claim of mental impairment at that time.[6]   Thus, a finding of non-severe was appropriate.  The Court also notes that Plaintiff does not argue that her mental impairment should have been found to meet or equal a listed impairment.

The ALJ also considered the effects of Plaintiff's mental impairment individually and in combination with Plaintiff's other impairments in determining her RFC, as required by 20 C.F.R. § 404.1523.  (R:15, 17).  Again the ALJ discussed the evidence in the record, specifically that Plaintiff was "depressed because it is hard to stay home after working for so many years and because she is unable to do the things she used to[.]" and that "she has not been treated for depression[.]" (R:15)  Also mentioned were Plaintiff's responses in her Adult Function Report where she "stated she had no problem in getting along with family, friends, neighbors, authority figures; and no problem with memory or concentration or attention[;]" she had also answered that she handled changes in routine well enough.  (R:17, 128-129)  The ALJ also noted evidence that Plaintiff had been working hard at home since retiring (R:247), and had been more active since retirement. (R:235).  The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms to be not credible to the extent they are inconsistent with the RFC assessed. (R:15)  The ALJ's RFC assessment that Plaintiff's alleged depressive/anxious condition did not impose any limitations on her RFC is supported by substantial evidence.

The ALJ's RFC assessment is also supported by additional evidence in the record not identified by the ALJ.  The Court notes that Plaintiff did not allege a mental impairment until after

---

[6]  To be disabling, an impairment must have lasted or be expected to last at least one year, and cannot be remedied or controlled with reasonable treatment or medication.  *See* 20 C.F.R. § 404.1509 (duration requirement); *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988) (impairments that reasonably can be remedied or controlled by medication or treatment are not disabling).  Plaintiff was unable to provide evidence of either of these requirements to meet her burden of proof.

her claim was denied on reconsideration, although she states that her alleged symptoms of insomnia, worry, and weight loss had been occurring for at least a year.  (R:13)  On November 12, 2009, Plaintiff alleged that around October 1, 2009, she began to experience depression, and that sometimes due to depression, anxiety, and stress she doesn't feel like grooming herself, but that she had not seen anyone regarding any emotional or mental problems. (R:145, 148, 149)  She reported gathering with family and friends once or twice a month and going to church every Sunday.  (R:127)  She answered that there had been no changes in her social activities since her alleged onset date. (R:128)

Based on this Court's review of the record, there is no reasonable possibility that, absent the ALJ's failure to properly apply the special technique for mental impairments, the result would have been different.  Thus, for the reasons stated above, the ALJ's error was harmless, did not affect Plaintiff's substantial rights, and does not require remand.  Plaintiff is not entitled to relief.

## CONCLUSION

Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be AFFIRMED consistent with this opinion.

**SIGNED** and **ENTERED** on March 27, 2014.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE